UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>            Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY SUPERIOR COURT, et al.,<br><br>            Defendants. | No. 2:18-cv-0725 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    I.    <u>Application to Proceed In Forma Pauperis</u>

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 4. Accordingly, the requests to proceed in forma pauperis will be granted.

      For prisoners, leave to proceed in forma pauperis means that they do not have to pay the entire filing fee up front and can instead pay in installments. 28 U.S.C. § 1915(b)(1). They are still required to pay filing fees in full for civil actions they file. <u>Id.</u> Therefore, while plaintiff will be permitted to proceed in forma pauperis, he will be required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).

1

By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint names the Sacramento County Superior Court as the sole defendant. ECF No. 1 at 1-2. Specifically, plaintiff alleges that in 2012, he had an unspecified number of sex offense convictions expunged under California Penal Code § 1203.4, but he was convicted of failing to register as a sex offender in 2014. Id. at 4. He requests compensatory damages. Id. at 5.

IV. Failure to State a Claim

Prior to 1982, sex offenders in California were required to register as such only until their convictions were expunged. United States v. Hardeman, 704 F.3d 1266, 1267 (9th Cir. 2013) (citing Cal. Penal Code §§ 290, 1203.4 (1980)). In 1982, "the California legislature amended its laws so that a felony sex conviction required ongoing registration, regardless of expungement." Id. (citing Cal. Penal Code § 290.1 (1982)). "In 1994, the California legislature amended its laws so that any sex conviction—felony or misdemeanor—required continuous registration, regardless of expungement." Id. (citing Cal. Penal Code § 290.1 (1994)).

3

Plaintiff asserts that under California Penal Code § 1203.4 and <u>Kelly v. Municipal Court of City and County of San Francisco</u>, 160 Cal. App. 2d 38 (Cal. Ct. App. 1958), he is no longer required to register as a sex offender or have his sex offenses reported because they were expunged. ECF No. 1 at 4. However, plaintiff misunderstands § 1203.4 and his reliance on <u>Kelly</u> is misplaced. Section 1203.4 specifically provides that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Cal. Penal Code § 1203.4(a)(1). California law also expressly requires sex offender registration regardless of expungement under § 1203.4 except in a few very limited circumstances where other requirements have been met. Cal. Penal Code § 290.007 ("Any person required to registered . . . shall register . . . regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4, unless the person obtains a certificate of rehabilitation and is entitled to relief from registration pursuant to Section 290.5, or is exonerated pursuant to subdivision (e) of Section 3007.05 . . . and the person is not otherwise required to register."); Cal. Penal Code § 290.5 (providing that for a number of sex offenses a full pardon is required in addition to a certificate of rehabilitation in order to be relieved of reporting requirement). Furthermore, <u>Kelly</u>, which held that the duty to register terminates upon release from probation as outlined in § 1203.4, was decided long before the amendments requiring continued registration and "is no longer good law." <u>People v. Hamdon</u>, 225 Cal. App. 4th 1065, 1073 (2014). Accordingly, the fact that plaintiff's sex offenses have been expunged does not mean that he has been relieved of his duty to register as a sex offender and cannot be convicted of failing to do so.

Plaintiff's claims are also barred by sovereign immunity. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974) (citations omitted). This immunity extends to state courts, which are state agencies. <u>Hyland v. Wonder</u>, 117 F.3d 405, 413 (9th Cir. 1997) ("[S]tate case law and constitutional provisions make clear that the [California Superior] Court is a state agency."). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a

State for alleged deprivations of civil liberties." Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).

For these reasons, plaintiff has failed to state a claim for relief and the complaint must be dismissed.

V.  No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile.  The complaint should therefore be dismissed without leave to amend.

VI.  Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

It is being recommended that the complaint be dismissed without leave to amend because the things you are complaining about do not violate your constitutional rights.  Kelly is no longer good law because the law has been changed and even if your sex offenses have been expunged, you still have to register as a sex offender.  You also cannot bring a lawsuit against the state court under § 1983.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF No. 14, 15) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

5

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Jail filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 25, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE